UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORRAH D. BARBEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:06CV1716 TIA |
| ) | |
| CENTRAL PARKING SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Compel Discovery. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

On November 28, 2006, Plaintiff filed a *pro se* Complaint against Defendant Central Parking Systems, alleging employment discrimination on the basis of race, gender, disability, and age. The undersigned granted Plaintiff's Motion for Appointment of Counsel, and, on June 29, 2007, Plaintiff's counsel filed her First Amended Complaint, alleging unlawful discriminatory practices committed by Defendant in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.*; the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*; and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* On November 19, 2007, Defendant filed a Motion to Compel, arguing that Plaintiff failed to provide responses to Defendant's First Set of Interrogatories and First Request for Production of Documents, despite promises to do so. (Def. Exh. C, E)

Under Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure:

> A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling … discovery as follows: … if a party fails to answer an interrogatory submitted

> under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond …, the discovering party my move for an order compelling an answer, … , or a an order compelling the inspection in accordance with that request.

Fed. R. Civ. P. 37(a)(2)(B). Further, Rule 37 and Local Rule 3.04(A) provides that the motion must include a statement that movant's counsel has attempted to confer with the opposing party's counsel in good faith with no success. The local rule also requires moving counsel to "state with specificity the efforts made to confer with opposing counsel." L.R. 3.04(A).

Here, Defendant's counsel has attached as exhibits e-mail communications between the parties' counsel, attempting to acquire discovery without court intervention. (Exh. C, D, and E) In addition, Defendant's counsel noted in an e-mail dated November 13, 2007 that Plaintiff's deposition was scheduled for December 6, and discovery responses and medical releases were necessary to conduct said deposition. (Def. Exh. E) However, Plaintiff's counsel has not complied with discovery requests, nor has she responded to the Motion to Compel.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel [Doc. #25] is **GRANTED**. Plaintiff shall respond to the First Set of Interrogatories and First Request for Production of Documents no later than Wednesday, December 5, 2007 so that Defendant may proceed with the scheduled deposition.

                                                  /s/ Terry I. Adelman  
                                                 UNITED STATES MAGISTRATE JUDGE

Dated this __3rd__ day of December, 2007.